IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ALSHON C. WILLIAMS,

                        Plaintiff,

      v.                                 Civil Action No.
                                     9:06-CV-0354 (LEK/DEP)

DONALD SELSKY, *et al.,*

                        Defendants.

_____

APPEARANCES:                   OF COUNSEL:

FOR PLAINTIFF:

ALSHON C. WILLIAMS, *pro se*

FOR DEFENDANT:

HON. ANDREW M. CUOMO        MEGAN M. BROWN, ESQ.
Attorney General of the
State of New York
The Capitol
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

    Plaintiff Alshon C. Williams, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this civil rights

action pursuant to 42 U.S.C. § 1983 against five employees of the New

York State Department of Correctional Services ("DOCS"), including four stationed at the facility in which he was confined at the relevant times, alleging violation of his constitutional rights.  Plaintiff's complaint, although bereft of specifics, appears to allege that he was assaulted by two of the defendants while a third stood idly by, and that as a result of procedural due process violations it was Williams, rather than his assaulters, who was disciplined as a result of the incident.  As relief, plaintiff seeks recovery of damages in the amount of two million dollars as against each defendant, as well as various other relief including that his disciplinary record be expunged of all references to the incident, and the defendants be "fired and imprisoned" for their actions.

Currently pending before the court is a motion by the five named defendants seeking dismissal of plaintiff's complaint for failure to state a claim upon which relief may be granted.  Having reviewed and liberally construed plaintiff's complaint, I find that it sufficiently alleges a plausible Eighth Amendment claim, based upon the purported use of excessive force by two of the named defendants and witnessed by a third.  I further find, however, that plaintiff's complaint fails to include specific allegations sufficient to sustain a procedural due process claim and thus recommend

dismissal of plaintiff's claims against defendants Donald Selsky and
Hearing Officer C. Drown.

I.   BACKGROUND[1]

Plaintiff is a New York State prison inmate entrusted to the custody
of the DOCS.  Amended Complaint (Dkt. No. 9) § 2.  Although this is
somewhat unclear, it appears that at the times relevant to the claims set
forth in his complaint, plaintiff was an inmate at the Clinton Correctional
Facility, located in Dannemora, New York.  *Id.* § 3.

Plaintiff contends that on October 19, 2005, he was assaulted by
defendants T. Allen and C. Smith, two corrections officers assigned to
work at the prison in which he was confined at the time.  Amended
Complaint (Dkt. No. 9) § 6.  Defendant T. Tamer, a corrections sergeant
also employed at the facility, observed the assault but stood by without
intervening on plaintiff's behalf.  *Id.*

Apparently as a result of the incident, a misbehavior report was
issued to the plaintiff; the nature of that report and the misbehavior

---

[1]      In light of the procedural posture of this case, the following recitation is
drawn principally from plaintiff's complaint, the contents of which have been accepted
as true for purposes of the pending motion.  *See Erickson v. Pardus*, __U.S. __, 127 S.
Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct.
1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734
(1964).

alleged, however, is not disclosed in plaintiff's complaint.  Amended

Complaint (Dkt. No. 9) § 6.  A disciplinary hearing, the level of which also

is not known, was subsequently conducted on October 26, 2005 by

defendant C. Drown to address the charges set forth in the misbehavior

report.[2]  *Id.*  At the close of that hearing, the plaintiff was found guilty of

violating prison rules, and a disciplinary penalty, the specifics of which

similarly are not revealed in plaintiff's complaint, was apparently imposed.

*Id.*  Hearing Officer Drown's determination was subsequently upheld on

December 22, 2005, on appeal to defendant Donald Selsky, the DOCS

Assistant Commissioner and Director of Special Housing/Inmate

Disciplinary Programs.

II.    <u>PROCEDURAL HISTORY</u>

       Plaintiff commenced this action on March 20, 2006.  Dkt. No. 1.  In

an order issued on April 28, 2006 by District Judge Lawrence E. Kahn in

which, *inter alia,* plaintiff's application for leave to proceed *in forma*

---

       [2]      The DOCS conducts three types of inmate disciplinary hearings.  Tier I
hearings address the least serious infractions, and can result in minor punishments
such as the loss of recreation privileges.  Tier II hearings involve more serious
infractions, and can result in penalties which include confinement for a period of time in
the Special Housing Unit (SHU).  Tier III hearings concern the most serious violations,
and could result in unlimited SHU confinement and the loss of "good time" credits.  *See
Hynes v. Squillace,* 143 F.3d 653, 655 (2d Cir.), *cert. denied*, 525 U.S. 907, 119 S. Ct.
246 (1998).

4

*pauperis* was granted, based upon a routine review of his complaint, the court found that the plaintiff had failed to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Dkt. No. 6.  Judge Kahn's order directed the plaintiff to file an amended complaint detailing the acts complained of and identifying each individual who participated in the constitutional violations being alleged within thirty days, and ordered dismissal of the action in the event of plaintiff's failure to meet that condition.  *Id.*

On May 4, 2006, plaintiff submitted a document construed by the court as an amended complaint submitted in response to the court's conditional dismissal order.  *See* Dkt. No. 7.  Following review of that document, on August 11, 2006  District Judge Kahn issued an order again rejecting the proffered amended complaint as inadequate, and directing the filing of a second amended complaint curing perceived deficiencies including, *inter alia,* plaintiff's failure to include allegations of wrongdoing against each individual named defendant.  Dkt. No. 8.

A second amended complaint submitted by plaintiff was filed with the court on August 16, 2006.  Dkt. No. 9.  In that second amended complaint plaintiff has named, as defendants, Donald Selksy; T. Allan; C.

Drown; C. Smith; and T. Tamer, and appears to have alleged both claims

of excessive force and deprivation of procedural due process.  *Id.*

Following routine review of that complaint for compliance with the court's

earlier orders, District Judge Kahn issued a decision and order dated

November 6, 2006 finding that the deficiencies perceived in connection

with plaintiff's earlier complaints had been cured, and directing the filing

and service of the second amended complaint.  Dkt. No. 10.

In lieu of answering, the five named defendants, each of whom has

acknowledged service of the complaint, have instead now moved seeking

its dismissal for failure to state a legally cognizable claim.  Dkt. No. 23.

Plaintiff has since responded in opposition to defendants' motion, Dkt. No.

26, which is now ripe for determination and has been referred to me for

the issuance of a report and recommendation, pursuant to 28 U.S.C. §

636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See*

*also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

A.    Dismissal Motion Standard

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure, calls upon a court to gauge the

facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements.  Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, __ F.3d __, 2007 WL 1717803, at *11 (2d Cir. June 14, 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible").  Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim.  *Twombly*, 127 S. Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957),

"described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival").

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.). The burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial; the question presented by such a motion is not whether the plaintiff is likely ultimately to prevail, "'but whether the claimant is entitled to offer evidence to support the claims.'" *Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)). Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. *See Twombly*,

127 S. Ct. at 1969, 1974.

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action.  *Erickson*, 127 S. Ct. at 2200 ("'[A] *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

  B.    Legal Sufficiency of Plaintiff's Claims

Plaintiff's complaint, though structured as setting forth only a single cause of action, appears to assert two distinct constitutional claims,

9

alleging the use of excessive force on the part of Corrections Officers T. Allen and C. Smith and the failure of Corrections Sergeant T. Tamer to intervene, and additionally the deprivation of plaintiff's right to procedural due process based upon allegedly false statements and the penalties imposed following a disciplinary hearing conducted by defendant Brown, the result of which was later upheld by defendant Selsky.

          1.    <u>Excessive Force</u>

      Plaintiff's first claim implicates the Eighth Amendment's assurance that prisoners will not be subjected to cruel and unusual punishment.  A prison inmate's constitutional right against cruel and unusual punishment is violated by an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1076, 1084 (1986) (quotations omitted); *Griffen v. Crippen,* 193 F.3d 89, 91 (2d Cir. 1999).  When cruel and unusual punishment claims arise from an alleged use of excessive force by prison officials, the key inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 999 (1992) (applying *Whitley* to all excessive force claims); *Whitley*, 475 U.S. at 320-21, 106 S. Ct. at 1085 (citing *Johnson v. Glick,*

481 F.2d 1028, 1033 (2d Cir.), *cert. denied sub nom.*, *John v. Johnson*, 414 U.S. 1033, 94 S. Ct. 462 (1973)).  When considering whether force is "unnecessary and wanton", courts must examine the extent of plaintiff's injury, the need for force, whether the force was proportionate to the need, the threat reasonably perceived by the officials, and what, if anything, the officials did to limit their use of force.  *Whitley*, 475 U.S. at 321, 106 S. Ct. at 1085 (citing, *inter alia*, *Johnson*, 481 F.2d at 1033).

Eighth Amendment analysis entails both objective and subjective inquiries.  *See Hudson*, 503 U.S. at 8, 112 S. Ct. at 999; *Wilson v. Seiter*, 501 U.S. 294, 298-99, 111 S. Ct. 2321, 2324 (1991); *Griffen*, 193 F.3d at 91.  The objective requirement is contextual, and relies upon "contemporary standards of decency."  *Hudson*, 503 U.S. at 8, 112 S. Ct. at 1000 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290 (1976)); *Griffen*, 193 F.3d at 91 (citing, *inter alia*, *Hudson*).  Although the absence of injury is certainly relevant to this inquiry, it is not dispositive; even if the injuries suffered were not severe or permanent a plaintiff may still recover if the force used was unreasonable and excessive.  *Hudson*, 503 U.S. at 7, 112 S. Ct. at 999; *Corselli v. Coughlin*, 842 F.2d 23, 26 (2d Cir. 1988) (citation omitted).  *De minimis* use of physical force can still be

11

cruel and unusual punishment if it is "repugnant to the conscience of

mankind":

> [w]hen prison officials maliciously and sadistically
> use force to cause harm, contemporary standards
> of decency always are violated.  This is true
> whether or not significant injury is evident.
> Otherwise, the Eighth Amendment would permit any
> physical punishment, no matter how diabolic or
> inhuman, inflicting less than some arbitrary quantity
> of injury.

*Hudson,* 503 U.S. at 9-10, 112 S. Ct. at 1000 (internal citations omitted).

Notwithstanding this, in practice a truly *de minimis* use of force will rarely

be enough to state a constitutional claim.  *Hudson*, 503 U.S. at 9, 112 S.

Ct. at 1000 ("[Not] every malevolent touch by a prison guard gives rise to a

federal cause of action."); *Griffen*, 193 F.3d at 91 (citing *Romano v.*

*Howarth,* 998 F.2d 101, 105 (2d Cir. 1993)); *Johnson*, 481 F.2d at 1033

("Not every push or shove, even if it may later seem unnecessary in the

peace of a judge's chambers, violates a prisoner's constitutional rights.").

Although scant, plaintiff's second amended complaint appears to

allege that he was assaulted by Corrections Officers T. Allen and C.

Smith.  While it is far from clear at this early stage in the proceedings that

the plaintiff ultimately will be able to sustain a claim for use of excessive

force against those individuals, I am unable to conclude that plaintiff has

not asserted a legally plausible excessive force claims against them.

Plaintiff's complaint also asserts that defendant T. Tamer, a corrections sergeant, witnessed the corrections officers' assault upon him but did nothing to intervene and terminate the constitutional violation. Such an allegation, if proven, could support a cognizable claim for deprivation of plaintiff's civil rights as against that defendant as well. *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) ("Failure to intercede results in [section 1983] liability where an officer observes excessive force being used or has reason to know that it will be.").

Under these circumstances, I recommend against dismissal of plaintiff's excessive force claims at this early procedural juncture as against defendants T. Allen, C. Smith and T. Tamer.[3]

### 2.    Procedural Due Process

Plaintiff's second claim appears to be predicated upon the filing of a false misbehavior report and the giving of false testimony regarding the

---

[3]    In his complaint, plaintiff asserts that he did not file a grievance addressing the matters set forth it.  *See* Second Amended Complaint (Dkt. No. 9) § 4. Since plaintiff's excessive force claim is plainly subject to the exhaustion requirement of 42 U.S.C. § 1997e(a), *see Porter v. Nussle,* 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002), this failure may ultimately prove fatal to his pursuit of that claim.  Because failure to exhaust is not jurisdictional, however, instead representing a waivable defense which must be affirmatively interposed, *Jones v. Bock,* ___ U.S. ___, 127 S. Ct. 910 (2007), I do not now recommend dismissal of plaintiff's excessive force claims on this procedural basis.

13

assault incident, resulting apparently in a finding that he violated prison rules and the imposition of disciplinary sanctions against him.  To successfully state a claim under 42 U.S.C. § 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must show that he or she both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process.  *See Tellier v. Fields,* 280 F.3d 69, 79-80 (2d Cir. 2000) (citations omitted); *Hynes*, 143 F.3d at 658; *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996).

In *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995), the United States Supreme Court determined that to establish a liberty interest sufficient to trigger the due process protections of the Fourteenth Amendment, based upon the imposition of disciplinary confinement as a sanction, a plaintiff must sufficiently demonstrate that (1) the State actually created a protected liberty interest in being free from segregation; and that (2) the segregation would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 483-84, 115 S. Ct. at 2300; *Tellier*, 280 F.3d at 80; *Hynes*, 143 F.3d at 658.  Since the prevailing view is that by its regulatory scheme New York State has created a liberty interest in remaining free from disciplinary confinement,

thus satisfying the first *Sandin* factor, *see, e.g., LaBounty v. Coombe*, No. 95 CIV 2617, 2001 WL 1658245, at *6 (S.D.N.Y. Dec. 26, 2001); *Alvarez v. Coughlin,* No. 94-CV-985, 2001 WL 118598, at *6 (N.D.N.Y. Feb. 6, 2001) (Kahn, J.), the court must find that the conditions experienced by the plaintiff as a result of the disciplinary hearing rise to the level of an atypical and significant hardship under *Sandin* in order to find the deprivation of a liberty interest sufficient to implicate the Fourteenth Amendment's procedural due process requirements.

Atypicality in a *Sandin* inquiry is normally a question of law.[4]  *Colon v. Howard,* 215 F.3d 227, 230-31 (2d Cir. 2000); *Sealey v. Giltner*, 197 F.3d 578, 585 (2d Cir. 1999).   When determining whether a plaintiff possesses such a liberty interest, a court must examine the specific circumstances of the plaintiff's confinement, including analysis of both the length and conditions of confinement.  *See Sealey,* 197 F.3d at 586; *Arce v. Walker*, 139 F.3d 329, 335-36 (2d Cir. 1998); *Brooks v. DiFasi*, 112 F.3d 46, 48-49 (2d Cir. 1997).  In cases involving shorter periods of segregated confinement where the plaintiff has not alleged any unusual conditions,

---

[4]     In cases where there is factual dispute concerning the conditions or duration of confinement, however, it may nonetheless be appropriate to submit those disputes to a jury for resolution.  *Colon v. Howard,* 215 F.3d 227, 230-31 (2d Cir. 2000); *Sealey v. Giltner,* 197 F.3d 578, 585 (2d Cir. 1999).

however, a detailed explanation of this analysis is not necessary.[5]  *Hynes*,

143 F.3d at 658; *Arce*, 139 F.3d at 336.

The procedural safeguards to which a prison inmate is entitled

before being deprived of a constitutionally cognizable liberty interest are

well-established, the contours of the requisite protections having been

articulated in *Wolff v. McDonnell*, 418 U.S. 539, 564-67, 94 S. Ct. 2963,

2978-80 (1974).  Under *Wolff* the minimum constitutionally mandated due

process requirements, include 1) written notice of the charges; 2) the

opportunity to appear at a disciplinary hearing and present witnesses and

evidence, subject to legitimate safety and penological concerns; 3) a

written statement by the hearing officer explaining his or her decision and

the reasons for the action being taken; and 4) in some circumstances, the

right to assistance in preparing a defense.  *Wolff*, 418 U.S. at 564-67, 94

S. Ct. at 2978-80; *see also Eng v. Coughlin*, 858 F.2d 889, 897-98 (2d Cir.

---

[5]      While not the only factor to be considered, the duration of a disciplinary
keeplock confinement remains significant under *Sandin*.  *Colon*, 215 F.3d at 231.
Specifically, while under certain circumstances confinement of less than 101 days
could be shown to meet the atypicality standard under *Sandin*, *see id.* at 232 n.5, the
Second Circuit generally takes the position that SHU confinement under ordinary
conditions of more than 305 days rises to the level of atypicality, whereas normal SHU
confinement of 110 days or less does not.  *Id.* at 231-32 (305 days of SHU
confinement constitutes an atypical and sufficient departure).  In fact, in *Colon v.
Howard* a Second Circuit panel split markedly on whether or not adoption of a 180-day
"bright line" test for examining SHU confinement would be appropriate and helpful in
resolving these types of cases. *See id.* at 232-34 (Newman, C.J.), 235-37 (Walker, C.J.
and Sack, C.J., concurring in part).

16

1988).

Plaintiff's complaint fails to provide specifics to satisfy the prerequisites of a procedural due process claim.  In it, for example, Williams fails to provide any particulars regarding the disciplinary sanction imposed as a result of the incident at issue and whether, for example, it included SHU confinement or otherwise represented a significant and atypical hardship in relation to the ordinary incidents of prison life. Plaintiff's complaint also fails to allege in what way his procedural due process rights were denied.[6]  Having carefully scrutinized plaintiff's complaint, I find that it is inadequate to state a plausible claim for violation of his procedural due process rights as guaranteed by the Fourteenth Amendment, and therefore recommend that plaintiff's due process claim be dismissed, with leave to replead.


IV.   SUMMARY AND RECOMMENDATION

---

[6]       I note that while plaintiff does allege, or at a minimum intimate, that disciplinary action taken against him was the product of a false misbehavior report or false testimony, this alone is insufficient to establish a violation, since an inmate has no constitutional right to be free from such false accusations.  *Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997) ("[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report."); *H'Shaka v. Drown*, No. 03-CV-937, 2007 WL 1017275, at *14 (N.D.N.Y. Mar. 30, 2007) (Kahn, D.J. and Treece, M.J.).

Despite having been warned on more than one occasion of the need to include in his complaint specifics sufficient to allow the court to determine the facial plausibility of his claims, plaintiff has once again submitted a complaint which asserts constitutional claims in only the broadest of terms, and is woefully lacking in particulars.  While, when generally construed, the plaintiff's complaint could be said to state a claim for the use of excessive force, in violation of the Eighth Amendment, it fails to disclose any basis to conclude that his procedural due process rights were abridged.

In their motion, defendants also request a stay of discovery in the case, pending resolution of their dismissal motion, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.   Based upon my finding that discovery should not proceed until the issues in this case are properly framed, the requested relief is appropriate, and will be granted. Accordingly, it is hereby

RECOMMENDED that defendants' motion to dismiss plaintiff's complaint for failure to state a claim (Dkt. No. 23) be GRANTED, in part, and that any procedural due process claim contained within that complaint, and all claims against defendants Selsky and Drown, be

DISMISSED, with leave to replead, but that defendants' motion to dismiss excessive force claims as set forth in that complaint be DENIED; and it is further hereby

ORDERED, that pending final determination from the court on this report and recommendation, discovery in this action is hereby STAYED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:      August 7, 2007
            Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

19