UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALSHON C. WILLIAMS,
                        Plaintiff,

v.

T. ALLEN, Correctional Officer, Clinton C.F.;
C. SMITH, Correctional Officer, Clinton C.F.; and
T. TAMER, Sergeant, Clinton C.F.,
                        Defendants.
_____

9:06-CV-0354
(GTS/DEP)

APPEARANCES:

ALSHON C. WILLIAMS, 04-A-5364
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ANDREW M. CUOMO
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

OF COUNSEL:

MEGAN M. BROWN, ESQ.
Assistant Attorney General

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action filed by Alshon C. Williams ("Plaintiff") are (1) a motion for summary judgment filed by three employees of the New York State Department of Correctional Services at Clinton Correctional Facility, Correctional Officer T. Allen, Correctional Officer C. Smith, and Sergeant T. Tamer ("Defendants"), (2) United States Magistrate Judge David E. Peebles' Report-Recommendation recommending that Defendants' motion be granted in its entirety, and (3) Plaintiff's timely filed Objection to the Report-Recommendation.  (Dkt. Nos. 43-45.)  For the reasons set forth below,

the Report-Recommendation is accepted and adopted, Defendants' motion is granted, and Plaintiff's Second Amended Complaint is dismissed.

## II.  BACKGROUND

### A.  Plaintiff's Second Amended Complaint

Plaintiff commenced this action on March 20, 2006 against five employees of the New York State Department of Correctional Services ("DOCS").  (Dkt. No. 1.)  Following the Court's initial review of Plaintiff's original Complaint and Amended Complaint, Plaintiff filed a Second Amended Complaint on August 16, 2006.  (Dkt. No. 9.)  Generally, in his Second Amended Complaint, Plaintiff asserts claims of excessive force and denial of due process against Defendants Allen, Smith and Tamer, as well as against Donald Selsky and C. Drown, stemming from an alleged incident at Clinton Correctional Facility on October 19, 2005, in which Defendants Allen and Smith allegedly assaulted him while Defendant Tamer stood by, failing to intervene on Plaintiff's behalf.  (Dkt. No. 9.)  As relief for his injuries, Plaintiff seeks (1) monetary and punitive damages in the amount of two million dollars ($2,000,000) against each Defendant, (2) the expungement of all references to the incident in his disciplinary record, and (3) the termination of Defendants' employment with DOCS.  (*Id.*)

On March 20, 2007, Defendants filed a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 23.)  By Order dated February 5, 2008, United States District Judge Lawrence E. Kahn, of this Court, dismissed Plaintiff's Fourteenth Amendment due process claim, as well as all claims against Selsky and Drown, but denied the remainder of the motion. (Dkt. No. 29.)

### B.     Defendants' Motion for Summary Judgment

On October 22, 2008, the remaining Defendants (Allen, Smith, Tamer) filed a motion for summary judgment, seeking dismissal of the Second Amended Complaint in its entirety as a result of Plaintiff's failure to exhaust his administrative remedies. (Dkt. No. 43.) Plaintiff did not respond to Defendants' motion, despite having been advised of the consequences of failing to do so. (Dkt. No. 43, Parts 1-2.)

### C.     Magistrate Judge Peebles' Report-Recommendation

On June 26, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendants' motion be granted and that Plaintiff's Second Amended Complaint be dismissed in its entirety. (Dkt. No. 44.) Familiarity with the grounds of Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order, and only those facts necessary to the discussion will be set forth herein.

### D.     Objection to the Report-Recommendation

On July 8, 2009, Plaintiff submitted a timely Objection to the Report-Recommendation. (Dkt. No. 45.) In his Objection, which is one page in length, Plaintiff argues that he objects to the Report-Recommendation because, "from the start [Magistrate Judge Peebles] and District Judge Kahn knew that [he] did not file a grievance and should have ordered [him] to do so immediately." (*Id*.) Plaintiff also argues that his "illiteracy" in legal matters inhibited his ability to effectively prosecute his claims, and that, by not assisting him, Judge Peebles "failed in [his] duty to [Plaintiff] as well as [to] the court of law intrusted in [your] care, custody and control." (*Id*.)

3

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Motion for Summary Judgment

Magistrate Judge Peebles correctly recited the legal standard governing a motion for summary judgment, including the standard governing such motions that are not properly opposed by *pro se* litigants. (Dkt. No. 44, at 6-8.) As a result, that standard is incorporated by reference herein.

The Court would only add that, where a non-moving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute-even if that nonmoving party is proceeding *pro se*.[1] This is because the Court extends special solicitude to the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.[2] As has often been recognized by both the Supreme Court and Second

---

[1] *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord, Lee v. Alfonso*, 04-CV-1921, 2004 WL 2309715 (2d Cir. Oct. 14, 2004), *aff'g*, No. 97-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[2] *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept.18, 2006) (McAvoy, J.) ("When dealing with a pro se party, certain procedural rules apply so as to insure that the pro se litigant is not disadvantaged by the lack of legal training. In this regard, the Local Rules require that [a pro se party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted].

Circuit, even *pro se* litigants must obey a district court's procedural rules.[3] For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement[4]-even where the nonmoving party was proceeding *pro se* in a civil rights case.[5]

---

[3] *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed ... we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a pro se [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a pro se litigant]."); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although pro se litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . . This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a pro se litigant's pleadings must be construed liberally, . . . pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them .") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a pro se litigant] does not exempt [the pro se ] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[4] Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L.R. 7.1(a)(3).

[5] *See, e.g., Hassig v. N.Y.S. Dep't of Envtl. Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S.App. LEXIS 21432; *Harvey v. Morabito*, 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); Krug, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3;

**B.     Standard of Review**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[6] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[7] Similarly, when a party makes no objection to a portion of a report-recommendation, the

---

*Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y.1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1 n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1 n.2 (N.D.N.Y. Aug.21, 1998) (Scullin, J.); see also *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in pro se civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

[6]     On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[7]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."),

Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.   ANALYSIS

Because Plaintiff's Objections are not specific in nature, the Court need review Magistrate Judge Peebles' Report-Recommendation for only clear error or manifest injustice. After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation and Plaintiff's Objection thereto, the Court agrees with each of the conclusions offered in the Report-Recommendation. Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation in its entirety, for the reasons stated therein. The Court would add only three points.

First, Magistrate Judge Peebles' thorough and correct Report-Recommendation would survive even a *de novo* review.

Second, Plaintiff's argument that "from the start [Magistrate Judge Peebles] and District Judge Kahn knew that [he] did not file a grievance and should have ordered [him] to do so immediately" is without merit. Because Plaintiff's original Complaint alleges that he had fully exhausted his administrative remedies prior to filing suit, Plaintiff's argument that Judges Peebles and Kahn knew "from the start" that Plaintiff failed to exhaust his administrative

---

*aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

remedies is nonsensical. (Dkt. No. 1, at 5-6.) In any event, even if Judges Peebles and Kahn could have somehow divined Plaintiff's failure to exhaust from the limited information available to them, they had no duty to stay the proceeding in order to permit Plaintiff to try to exhaust his administrative remedies. Indeed, any such stay would likely have been in vain, given (1) the length of time that had elapsed between the occurrence of the event and the filing of the action, and (2) the fact that the Prison Litigation Reform Act requires a *pro se* plaintiff to exhaust his administrative remedies *prior to* commencing an action in federal court (with limited exceptions not available here). *See Sedney v. Hasse*, 02-CV-2583, 2003 WL 21939702, at *8 (S.D.N.Y. Aug. 12, 2003) (noting that a prisoner's exhaustion of administrative remedies after a complaint is filed will not save a case from dismissal).

Third, Plaintiff's argument that his "illiteracy" in legal matters inhibited his ability to effectively prosecute his action is without merit. His various filings in the action (*see*, *e.g.*, Dkt. Nos. 2, 3, 5, 9, 11, 26, 28, 36) demonstrate his capability of prosecuting this action, which Judge Peebles appropriately characterized as "not overly complex" (*see* Dkt. No. 41, at 2). It should be noted that Plaintiff succeeded in moving to proceed *in forma pauperis* (Dkt. Nos. 2-4, 6), and he partially succeeded in opposing Defendants' motion to dismiss for failure to state a claim (Dkt. Nos. 26, 27, 28, 29).

**ACCORDINGLY**, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 44) is hereby **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 43) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (Dkt. No. 9) is **DISMISSED** in its entirety.  The clerk is directed to enter judgment dismissing this case.

Dated: September 1, 2009
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge